168

Commonwealth *v.* King, Appellant.

Argued November 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

Before KEIM, J.

*Dante G. Bertani,* Public Defender, for appellant.

*M. Lewis,* with him *Albert M. Nichols,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., April 3, 1974:

This case is before us on defendant's appeal from the lower court's refusal to grant a new trial after he was found guilty by a jury on the charge of selling LSD tablets in violation of The Drug, Device and Cosmetic Act, September 26, 1961, P. L. 1664, Section 4, subsection (d), 35 P.S. §780-4.

The new trial motion is predicated on two contentions (a) the court erred in failing to grant a motion for continuance, and (b) the District Attorney committed prejudicial error in his comments to the jury.[1] At the preliminary hearing there was some question as to whether the sale of the pills was made by defendant to three school girls at 3:00 p.m. or 7:00 p.m. on September 27, 1971. However, the defendant did not move to quash the transcript because of vagueness or uncertainty as to the time on the particular day of the alleged crime. The indictment which followed set forth only the date of the alleged crime, to-wit: September 27, 1971, and did not set forth any particular time of that day on which the event allegedly occurred. Although defendant filed a notice of an alibi defense in which he set forth names of alibi witnesses, he did not refer in

---

[1] There is a third contention regarding the court's denial of rebuttal testimony which was not raised in the court below and which we will not consider since it does not involve fundamental error. See *Commonwealth v. Scoleri,* 432 Pa. 571 (1968).

the notice to any particular time of day for September 27, 1971, to which his alibi defense would be directed. At the beginning of the trial the Commonwealth moved to amend the indictment so as to specifically allege that the crime was committed at 1:00 p.m. on the 27th. The defendant, through his counsel, objected to the amendment contending that on the basis of testimony presented at the preliminary hearing he was prepared to present an alibi for either 3:00 p.m. or 7:00 p.m. of the day of the alleged crime but was not prepared to do so for 1:00 p.m.

We are of the opinion the lower court was correct in granting the requested amendment to the indictment. The defendant failed to attack the validity of the transcript of the preliminary hearing at any time before the indictment. He also failed to file a motion to quash the indictment because of vagueness or indefiniteness or to file a petition for a Bill of Particulars requesting the Commonwealth to state more specifically the time of day when alleged crime occurred. It was too late for defendant to ask for this specificity at time of trial. However, the trial court, although it was not obliged to do so, did allow a two-hour recess of the trial in order to give the defense additional time to locate and interview witnesses concerning a 1:00 p.m. alibi. Defense counsel was also offered the service of the County detective office to locate and subpoena any such witnesses for the defense in order to assure their presence in court on the following day of the trial.[2]

The lower court's granting of the amendment and denial of a continuance in no way prejudiced the defendant at trial. This was clearly demonstrated by the fact that five of the defense witnesses testified that they

---

[2] The District Attorney, although he too was not obliged to do so, waived any objections he might have had as to the lack of prior notice of alibi witnesses and further waived the right to interview these alibi witnesses before they testified for the defense.

had seen or been with the defendant before, during and after the 1:00 p.m. period and that he was nowhere near the scene of the crime. Under these circumstances the defense does not have a meritorious claim of objection to the judge's granting of the amendment to the indictment. *Commonwealth v. Syren,* 150 Pa. Superior Ct. 32 (1942); *Commonwealth v. Polin,* 140 Pa. Superior Ct. 18 (1940); Pennsylvania Rules of Criminal Procedure 220, 221; Sections 11, 12, and 13 of the Criminal Procedures Act of March 31, 1860, 19 P.S. §§431-33.

The defendant complains that the District Attorney made prejudicial remarks in his closing address to the jury. The only colloquy appearing in the record pertaining to this allegation is as follows: MR. BIALON: "There are about three things in Mr. Dent's closing that I would like to draw the Court's attention. One, where he said Joy Weaver said that witness Rible was not on the premises. Her testimony was not in the apartment, somewhere downstairs. BY THE COURT: That's a question for the jurors too. I'm going to instruct the jurors on that. That's a question of fact for them. MR. BIALON: Okay, I think he, Mr. Dent, intimated that we had conferences and this matter, that was testimony highly improbable. MR. DENT: I said they had a meeting and it was testified to that meeting Sunday. MR. BIALON: Thirdly, he said several times the time wasn't important here. I think time was a crucial element and I'm going to request charge if it's found that the defendant did not sell the drugs or was not present at Washington Street at one o'clock, then he must be found not guilty. MR. DENT: I'll object to that. He said the approximate time. BY THE COURT: I'll charge them on alibi and that will take care of it. I've given a number of recesses already for the defense and I want the record to show that the jury isn't here. MR. BIALON: Oh, sure."

This certainly is not an adequate record upon which we can consider the contention of the defendant. Objection to remarks made to the jury must be called to the attention of the trial judge at the time the remarks are made, and cannot be made after counsel is through speaking. *Commonwealth v. Cisneros*, 381 Pa. 447 (1955). In the instant case defense counsel made objections after the District Attorney completed his summation and after the jury was dismissed for the day. In order to avail himself of the right to object to improper remarks or a misstatement of fact or an unfair comment, counsel must object and move for the withdrawal of a juror, whereupon the court should direct the stenographer to place upon the record the court's understanding of the remarks so that error may properly be assigned if the motion to withdraw the juror is denied. *Commonwealth v. Mika*, 317 Pa. 487 (1935). If the court refuses to direct the stenographer to place upon the record remarks to which objection has been made, the opposing counsel may place the remarks on the record by affidavit. *Commonwealth v. Mika*, supra; *Commonwealth v. Shoemaker*, 240 Pa. 255 (1913). This procedure was not only not followed, but the recorded colloquy indicates a lack of any substantial ground for reversal of the verdict.

Order of the court below is affirmed.

SPAETH, J., concurs in the result.