379 A.2d 561

**COMMONWEALTH of Pennsylvania**

v.

**Ervin J. WARREN, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Jan. 10, 1977.

Decided Oct. 28, 1977.

<hr>

John T. Grigsby, III, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant was convicted by a jury of two counts of murder of the second degree, one count of robbery and one count of criminal conspiracy. Post-verdict motions were denied. The court sentenced appellant to two consecutive terms of life imprisonment on the murder convictions, a concurrent term of ten to twenty years imprisonment on the robbery conviction and a two and one-half to five year term on the conspiracy conviction, to run consecutively with the sentence imposed on the robbery conviction. This appeal followed.[1]

---

1. This Court has jurisdiction over the appeal from the murder convictions pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.

The first question presented is whether the evidence is sufficient to sustain the convictions.[2] In reviewing the sufficiency of the evidence, this Court must consider the evidence in the light most favorable to the Commonwealth. E.g., *Commonwealth v. Thomas*, 465 Pa. 442, 350 A.2d 847 (1976). The test of sufficiency is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the factfinder could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime charged. E.g., id. A review of the record reveals the evidence presented at trial, viewed in the light most favorable to the Commonwealth, was sufficient to permit the jury to find beyond a reasonable doubt that appellant was guilty of robbery, conspiracy and two counts of murder of the second degree.

Appellant also asserts that the trial court erred in not declaring a mistrial on its own motion when the assistant district attorney commented to the jury during closing argument that appellant slept with co-defendant Constance Dussinger. Appellant immediately objected to the remark on the ground it was not supported by the evidence. The court sustained the objection. Appellant did not move for a mistrial or request curative instructions. Pa.R.Crim.P. 1118(b) places the burden upon the defendant to move for a

1976). The robbery and criminal conspiracy convictions were appealed to the Superior Court which certified the appeal to this Court.

**2.** In addition to claiming the verdicts were "contrary to the law and to the evidence," appellant contends the trial court erred in not sustaining appellant's demurrer to the robbery and criminal conspiracy charges because the Commonwealth had not made a prima facie case. The correctness of this ruling, however, is not an appropriate issue for appellate review because appellant did not rest following the adverse ruling but elected to present evidence in his defense. *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976); *Commonwealth v. Moore*, 398 Pa. 198, 157 A.2d 65 (1959). But see *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973). Thus, we will not consider whether the demurrer should have been sustained at the close of the Commonwealth's case, but will review only the question of sufficiency. See *Commonwealth v. Ilgenfritz*, supra. See also *Commonwealth v. Duncan*, 473 Pa. 62, 373 A.2d 1051 (1977).

mistrial. Rule 1118(b) further provides that the trial court may itself declare a mistrial only in a case of manifest necessity. *Commonwealth v. Robson*, 461 Pa. 615, 337 A.2d 573 (1975). See generally *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *United States v. Perez*, 22 U.S. (Wheat.) 579, 6 L.Ed. 165 (1824). While the remark by the assistant district attorney was improper, the trial court certainly did not err in failing to grant a mistrial on its own motion. See *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975).

■ Finally, appellant challenges the constitutionality of the robbery statute, 18 Pa.C.S.A. § 3701 (Supp.1977), as applied to him. He argues the robbery indictment did not inform him of the corpus delicti of the "theft" with which he was charged. This issue, however, has not been preserved for appeal. *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972). Appellant never filed a request for a bill of particulars or moved to quash the indictment, Pa.R.Crim.P. 221, 304; nor did he make any objection at trial. See *Commonwealth v. Cooley*, 465 Pa. 35, 348 A.2d 103 (1975); *Commonwealth v. Agie*, supra. See generally *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Consequently, the issue has not been preserved for our review.

Judgment of sentence affirmed.

MANDERINO, J., concurs in the result.