426 A.2d 606

**COMMONWEALTH of Pennsylvania,**

v.

**Gregory McNEAL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 13, 1980.

Decided March 13, 1981.

Lee Mandell, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant, Gregory McNeal, was convicted by a jury of murder of the first degree, rape, and conspiracy.[1] That conviction was affirmed by this Court. *Commonwealth v. McNeal*, 456 Pa. 394, 319 A.2d 669 (1974). Appellant then filed a petition under the Post Conviction Hearing Act, alleging ineffective assistance of counsel on various theories. On appeal to this Court from denial of that petition, these allegations were all held to be without merit. *Commonwealth v. McNeal*, 479 Pa. 112, 387 A.2d 860 (1978). Appellant then filed a *second* P.C.H.A. petition which was denied without a hearing and this appeal followed. We affirm.

Appellant apparently alleges (1) that trial, direct appeal and first P.C.H.A. counsel were ineffective for failing to preserve for review the issue of whether a demurrer to the Commonwealth's evidence should have been sustained at trial, and (2) that the trial court erred in denying the demurrer to the charges of conspiracy, rape and murder.

The correctness of a ruling denying appellant's demurrer is not an appropriate issue for appellate review where appellant did not rest following the adverse ruling but elected to present evidence in his defense. *Commonwealth v. Warren*, 475 Pa. 31, 379 A.2d 561 (1977). However, when there is an improper challenge to the trial court's ruling on the demurrer, this Court may treat the question as if properly framed, namely, whether the trial court erred in refusing appellant's motion in arrest of judgment—whether the evidence was sufficient in law to support appellant's conviction. *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976). If we treat the question as one of sufficiency of the evidence, however, that issue has been finally litigated on direct appeal, where we stated:

1. The facts that gave rise to the prosecution are set forth in this Court's Opinion filed on appellant's direct appeal.

After studying the record, we are completely satisfied the proof was ample for the jury to find that McNeal and others conspired to rape the victim involved, and that the killing was committed in the furtherance of this conspiracy. We also have no doubt the jury was also warranted in finding McNeal had not withdrawn from the conspiracy before the killing occurred. Hence, the jury had the right to apply the felony-murder doctrine and return a verdict of guilty of murder in the first degree.

456 Pa. at 397, 319 A.2d at 672. The lower court correctly ruled that the issue of sufficiency of the evidence was finally litigated under 19 P.S. § 1180–4 which provides in pertinent part:

(a) For the purpose of this act, an issue is finally litigated if:

.    .   .   .    .

(3) The Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue.

Appellant, therefore, would not be eligible for relief as to sufficiency of the evidence under the P.C.H.A. because § 1180–3 requires that in order to be eligible for relief, a person must prove "(d) That the error resulting in his conviction and sentence has not been finally litigated or waived." Since petitioner's claim of error has been finally litigated, he may not raise it again under the P.C.H.A.

■ However, the issue of whether trial counsel was ineffective for failing to preserve the demurrer, under the view of the majority of this court, has been neither waived nor finally litigated.[2]

2. Under a minority view, recently expressed in the dissenting opinion authored by this writer in *Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431 (1980) (joined by Mr. Justice Kauffman), the ineffectiveness issue is waived. According to this view, a second P.C.H.A. petition should be entertained only where the petitioner makes claims (1) constituting denial of due process or fundamental fairness that (2) significantly implicate the truth determining process. Since the claims in the present case do not meet these criteria, I would deny them.

This approach to the P.C.H.A., which is essentially a waiver analysis, is not, however, the view of the majority of the Court. Presently,

It is the law of this Commonwealth that to preserve a demurrer issue for appellate review, defense counsel would have to rest following the court's adverse ruling. If the defendant presents a defense, the issue cannot be reviewed on appeal. *Commonwealth v. Warren*, 475 Pa. 31, 379 A.2d 561 (1977), *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976), *Commonwealth v. Moore*, 398 Pa. 198, 157 A.2d 65 (1959), *But see Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973). At the completion of the Commonwealth's case, defense counsel demurred to the evidence. The court denied the demurrer. Defense counsel did not rest but proceeded to present a defense.

■ Whether the assistance of trial counsel was ineffective is governed by the oft-quoted standard laid down in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967):

[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

*Id.*, 427 Pa. at 604–05, 235 A.2d at 352–53 (footnote omitted, emphasis in original).

the majority does not find waiver under the facts of this petition. Section 1180–4(b)(2) of the P.C.H.A. requires that the petitioner must show "extraordinary circumstances" if he is to avoid waiver of an issue that could have been raised before. The majority of the Court interprets this to mean that the "extraordinary circumstances" requirement is met when the petitioner raises it in an ineffectiveness context. The allegation that all counsel below and on prior appeals or P.C.H.A. petitions were ineffective constitutes "extraordinary circumstances" which, under the majority view, allows petitioner to escape waiver. Under either view, however, petitioner's claim must fail.

■ That trial counsel indeed had a reasonable basis for not pursuing the demurrer issue is manifested by a review of the evidence presented by the Commonwealth. Such a review reveals sufficient evidence to prove appellant guilty beyond a reasonable doubt of the crime charged.[3]

For counsel to have declined to put on a defense merely for the purpose of preserving for review an issue that did not have merit would be something we have never required. This Court has often stated that we will not find counsel ineffective for failing to preserve a meritless claim.

Turning to the Commonwealth's case-in-chief, it was established that Miss Sharon Pruitt, a nineteen year old female, was murdered by manual strangulation. Medical examination revealed sperm in the victim's vagina and rectum, with acid phosphate testing slightly positive in her mouth, indicating the possibility of oral intercourse as well as vaginal and anal. There were abrasions and lacerations in the vaginal and anal areas, as well as elsewhere on the body. An internal examination of the scalp revealed a bruise 2⅕ by 1⅗ inch, consistent with a wound inflicted by a blunt instrument prior to death.

In a statement given to police, appellant stated that he and two others encountered the victim on the street and took her in their car to the home of a fourth man. Appellant's statement was that the victim was intoxicated when they met her, and that after arriving at the house of the fourth man, one of the group undressed her and "molested her sexually." Subsequently, a second member of appellant's group had sexual intercourse with her. Appellant watched part of the sexual molestation but left the house after four other men arrived. He did not return to the house that evening and heard of the victim's death the next day.

3. The standard to be applied in judging the merit of a demurrer to the Commonwealth's case-in-chief is "whether the evidence and all reasonable inferences therefrom are sufficient to support a finding by the jury that the defendant was guilty beyond a reasonable doubt." *Commonwealth v. Duncan*, 473 Pa. 62, 66, 373 A.2d 1051, 1053 (1977), *Commonwealth v. Collins*, 436 Pa. 114, 259 A.2d 160 (1969).

A co-defendant who had arrived after appellant, testified that he saw appellant standing in an upstairs bedroom near the nude body of Miss Pruitt with his pants down just above his knees. Co-defendant then went downstairs. About forty minutes later, as appellant was on his way down, he told the co-defendant, "Why don't you go up and get a shot."

A detective then testified that he found blood stains on the bed sheets, walls and floor in and around where the incident occurred. He further testified that the soiled, dirty and bloodstained clothing of the victim was found in a box under some clean clothing in the house where the men had taken her.

The jury, on this evidence, could have found beyond a reasonable doubt that the defendant was guilty of conspiracy, rape and murder. Trial counsel was not, therefore, ineffective for failing to preserve the demurrer by putting on a defense. The order denying appellant's Post Conviction Hearing Petition is affirmed.

Affirmed.

LARSEN, J., filed a concurring opinion in which O'BRIEN, C. J., joins.

LARSEN, Justice, concurring.

I agree with the majority that the substantive issue in this case—the trial court's failure to grant a demurrer—has been finally litigated as that term is defined in 19 P.S. § 1180–4(a)(3). The remainder of the opinion is superfluous—the underlying issue having been finally litigated in 1974, *Commonwealth v. McNeal*, 456 Pa. 394, 319 A.2d 669, it is improper to address this issue now, either directly or indirectly by way of an ineffective assistance analysis. Clearly, neither trial nor subsequent counsel can be found ineffective for "failing to preserve" an issue which was *in fact* preserved, decided, reviewed on appeal and finally litigated. The issue of "failing to preserve the demurrer" is, therefore, a non-issue.

O'BRIEN, C. J., joins in this concurring opinion.