615 A.2d 735

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert Lee AARON, Appellant. (Two Cases)**

Superior Court of Pennsylvania.

Argued June 17, 1992.

Filed Sept. 30, 1992.

472

Joseph P. Burt, Erie, for appellant (at 1013 & 1019PGH91).

James A. Pitonyak, Erie, for appellant (at 1415PGH91).

William A. Dopierala, Asst. Dist. Atty., Erie, for Com., appellee.

Before WIEAND, DEL SOLE and HESTER, JJ.

DEL SOLE, Judge.

APPEALS AT NOS. 1013 AND 1019 PGH 1991.

Appellant takes these appeals from the sentences imposed after a jury found him guilty of escape, involuntary deviate sexual intercourse, rape, statutory rape, incest, corruption of minors, indecent assault and endangering the welfare of children. The sexual offense charges relate to Appellants actions over a period of years involving his natural daughter, who was nine years old at the time of trial. On appeal Appellant sets forth four issues based upon events which occurred before or at his trial which he claims require that he be awarded a new trial. Our review causes us to conclude that Appellant is not entitled to the relief he seeks, and for the reasons which follow, we affirm the Judgments of Sentence.

Appellant, in his first issue, asks us to consider whether the trial court erred or abused its discretion by granting the Commonwealth's motion to consolidate for trial sex offense charges and an escape charge. The informations setting forth the sex offense charges were filed first. A later charge, relating to an escape attempt which Appellant made as a constable was transporting him back from the preliminary hearing, was subsequently filed, prompting the Commonwealth's motion.

In his Brief on this issue Appellant acknowledges that consolidation of the charges was proper in that evidence of both the escape and sex offense charges would be admissible in separate trials for each. He further concedes that the Commonwealth's request for consolidated was filed was "within the time frame allotted" under Pa.R.Crim.P. 1127(B). Thus, despite the manner in which Appellant frames his issue, he does not dispute that the motion was properly granted by the trial court. However, in the body of his argument, Appellant asserts that the trial court erred in not complying "with the clearly implicated intent of Rule 1127". This rule which sets forth the procedure for joinder provides:

## B. Procedure.

(1) Written notice that offenses or defendants charged in separate indictments or informations will be tried together shall be served on the defendant at or before arraignment. A copy of the notice shall be filed with the clerk of court.

(2) When notice has not been given under paragraph B(1), any party may move to consolidate for trial separate indictments or informations, which motion must ordinarily be included in the omnibus pretrial motion.

Because the Commonwealth's motion to consolidate was timely filed within the period of time for pretrial motions on the escape charge, Appellant contends that the court when granting the motion to consolidate should have provided for a trial date based upon the escape charge and revoked the previously scheduled trial date on the sex offense charges. Appellant asserts that the court's failure to reschedule trial after granting the consolidation motion "resulted in an unfair prejudice to the defendant's case in that the trial commenced just five (5) days following the court's grant." Thus, Appellant's claim is not that the motion was improperly granted, but that the trial court wrongly failed to reschedule his trial date to a later time after granting the motion.

Although Appellant makes this allegation before this court, we fail to find evidence in the record that Appellant made a demand on the trial court to reschedule his trial based upon the argument he now presents. Further, Appellant fails to advise us in what particular manner he was prejudiced by the court's action. He does not indicate that his counsel was in need of more time to prepare a defense to the escape charges. Appellant testified in his own behalf on the charges defending his actions by stating that he fled because he was scared and panicked, but when he came to his senses and was sorry for what he had done, he turned around to walk to the Constable who had been chasing him. Appellant does not allege that there was further evidence he could have offered to support this defense that he was unable to bring forth because of short time between the consolidation and trial. Accordingly, we cannot rule that the trial court abused its discretion in

consolidating the charges and in proceeding to trial in this matter.

The second claim made by Appellant also concerns a pre-trial matter. Appellant contends that it was an error for the court to permit an amendment to the criminal information just prior to the commencement of trial. The information at the time of trial alleged that Appellant had committed the alleged sexual acts against his minor daughter "at various dates and times until May 20, 1990." It further alleged that these offenses occurred at a location on Maple Street in McKean Township. At the time of trial the Commonwealth sought, and the trial court granted, an amendment to the information which provided that the incidents occurred at the Maple Street address and "various other addresses in Erie County." The Commonwealth sought the amendment to conform the information with the testimony the victim offered at the preliminary hearing and the fact that Appellant resided in a number of places over a period of time. Appellant's counsel objected and responded that she was prepared to defend with respect to dates between 1987 and 1990, beginning when Appellant lived with a woman named Lori, who was also accused by the child of sexual abuse. However, defense counsel argued that she was unprepared to defend against acts which occurred prior to 1987 because those dates were not addressed at the preliminary hearing. The Commonwealth countered by offering the child's preliminary hearing testimony that some acts of abuse occurred in a swimming pool and by noting that prior to 1987 Appellant lived in a home with a swimming pool located somewhere other than Maple Street.

Although Appellant's counsel correctly recounts that the victim did not state at the preliminary hearing that the abuse occurred in her father's backyard pool and that it could have been a different swimming pool, we nevertheless find support for the trial court's ruling in this matter. In *Commonwealth v. King*, 227 Pa.Super. 168, 323 A.2d 260 (1974) when considering whether a trial court erred in granting an amendment

which changed the time during which an alleged drug sale was said to have occurred, the court stated:

> We are of the opinion the lower court was correct in granting the requested amendment to the indictment. The defendant failed to attack the validity of the transcript of the preliminary hearing at any time before the indictment. He also failed to file a motion to quash the indictment because of vagueness or indefiniteness or to file a petition for a Bill of Particulars requesting the Commonwealth to state more specifically the time of day when [the] alleged crime occurred. It was too late for defendant to ask for this specifically at time of trial. However, the trial court, although it was not obliged to do so, did allow a two-hour recess of the trial in order to give the defense additional time to locate and interview witnesses concerning a 1:00 p.m. alibi. Defense counsel was also offered the service of the County detective ['s] office to locate and subpoena any such witnesses for the defense in order to assure their presence in court on the following day of the trial.

We likewise find no error in the present case. The information only listed "sometime prior to May 20, 1990" as the time frame during which these incidents occurred, and the child victim, who was unable to pinpoint dates at the preliminary hearing, did make reference to actions which took place in a swimming pool. Through the child's testimony it was also clear that Appellant moved on numerous occasions during the relevant years. We thus find support for the trial court's conclusion that Appellant was on notice that the incidents may have occurred prior to 1987. This coupled with the fact that the defense did not seek a Bill of Particulars, it was given extra time by the court to prepare its case and offered the services of the District Attorney's office in tracking down an additional witness, supports our conclusion that Appellant's claim must fail.

Appellant next seeks review of the trial court's ruling regarding proposed testimony of Dr. Schierberl which Appellant claims would have impeached the victims testimony. Appellant submits that this testimony was wrongly excluded

based upon the psychologist-patient privilege statute, 42 Pa. C.S.A. § 5944, and that this error was compounded by the court's refusal to require the doctor to take the stand and assert the privilege pursuant to the decision in *Commonwealth v. Sims,* 513 Pa. 366, 521 A.2d 391 (1987).

We find it unnecessary on the facts of this court to reach the issue as presented by Appellant because we conclude, after a review of the record, that the doctor's testimony would not have, as proposed, impeached testimony given by the victim.

Appellant's counsel offered the following reasons for the doctor's testimony:

I would note for the record, that the purpose for calling Dr. Schierberl at all is that Dr. Schierberl in the course of his psychological examination of Tiffany which was done at the request of Children's Services, took statements from Tiffany about what had occurred. One of the statements that he took is in direct contradiction to Tiffany's own testimony. Specifically, Dr. Schierberl would testify that Tiffany told him that on one occasion her friend, Dawn, spent the night with her at her father's house, that in the course of that evening, Tiffany ran from Lori who was the defendant's girlfriend at the time because Lori wanted to engage her in sexual activity. That in lieu of engaging Tiffany in sexual activity, Lori than brought Dawn into the bed and engaged in sexual activity with her. That is inconsistent with what Tiffany testified that Dawn never spent the night there and that she never told anybody that Dawn had been sexually active with either her father or with Lori.

N.T. 3/8/91 at 4.

Contrary to defense counsel's characterization of her testimony, the victim when testifying did not state that she told no one about the incident with her friend, Dawn. The victim was only asked whether she told her caseworker, a woman by the name of Debbie, that Dawn stayed with her. The child was questioned:

Q. Okay. Do you have a little friend by the name of Dawn.

A. Yes.

Q. And did she stay overnight at your dad's house with you a couple of times?

A. No.

Q. Okay. Do you remember telling Debbie, your caseworker, that Dawn stayed with you one time and that Lori pulled her into bed when you ran away from her because you didn't want to watch her private parts. Do you remember telling her that?

A. No. No.

Q. Okay. And you don't remember Dawn ever spending the night and that happening?

A. No. I know for sure I didn't tell her.

Q. You absolutely positive about that?

A. Yeah.

N.T. 3/6/91 at 133

Appellant's counsel in an attempt to impeach this testimony did later question the caseworker, Debbie, regarding any conversations she may have heard in which the victim spoke of an incident involving her friend, Dawn. However, the caseworker responded in the negative and added that she was not in "that interview" but was told about it by a doctor. The court asked the jury to disregard the latter statement, since it was based on hearsay. *Id.* at 191.

Because the victim did not testify regarding conversations with the doctor, but only answered questions relating to her conversations with her caseworker, the doctor's testimony could not be used to impeach her. The doctor's proposed testimony would therefore be irrelevant and, accordingly, issues regarding the application of the phychologist/patient privilege and questions of the right to have the doctor assert that privilege, if applicable, in front of the jury, are not appropriate matters for our review in this case.

■ Lastly Appellant seeks a new trial based upon statements made by an expert which he characterizes as prejudicial because they supported the veracity of the victim. Again, after a review of the record we find no reversible error. Appellant's counsel objected to one statement made by Dr.

Reilly who had performed a medical examination on the victim. At trial the following occurred:

Q. Now, doctor, did she indicate any other parts of her body or anything else that was done to any other areas of her privates?

A. Yes. She also said that she thought he put his penis in that area, and so when they say that area, we always make sure, "Can you identify which area is your vaginal [sic] of your privates and which area of your privates is your anus," so that they can identify those two areas. And so I generally do that during the physical exam and then I reask the questions because then I can show them exactly what area unless they know themselves that there is a separate area for the vagina and a separate area for the anus. And so she said very truthfully, that, um, she felt that her father had put—

N.T. 3/8/91 at 20.

At this point appellant's counsel asked to approach the bench, made an objection to the doctor's "testimony that the child truthfully told her something," *Id.,* and requested a mistrial. After the court had the question and answer reread by the court reporter, the judge denied counsel's request, but issued a strong cautionary instruction to the jury to disregard the witness' statement. The jury was told:

You took the oath as jurors that you would follow my instructions and follow the law, and sometimes, it's very hard to disregard something that you may have heard or picked up. If I tell you to disregard it, you must disregard it. This witness, with all due respect to her and her profession, used the word—the child testified or stated something truthfully. She's unable to do that and you should not consider that under any circumstances. I am not saying that the witness is not qualified to do that. It is not to be considered by you in any way, shape or form that that statement was made to her in a truthful fashion. There are limitations and we would very strictly instruct you to do that. I can't caution you enough. Everyone is entitled to a fair trial and if you disregard that instruction, you are not

giving the defendant a fair trial. With that in mind—someone have a problem? Again, please follow those instructions. I know it's difficult, but you must do that. *Id.* at 23.

While the statement made by the witness was improper because it attempted to invade the province of the jury and inject the witness's opinion of the victim's veracity, *See Commonwealth v. Seese*, 512 Pa. 439, 517 A.2d 920 (1986), it must be viewed in context. The statement was obviously an inadvertent slip and the witness was interrupted before completing the sentence. The court's timely cautionary instructions closely followed providing the jury with a clear command to disregard the remark. Under the circumstances presented, we conclude that the trial court correctly ruled that Appellant was not prejudiced by this statement made by the witness.

For the reasons provided above, we dismiss Appellant's claims of error and affirm the Judgments of Sentence.

Judgments of Sentence affirmed.

### APPEAL AT NO. 1415 PITTSBURGH 1991

Appellant was sentenced on May 1, 1991 for convictions relating to the sexual abuse of his daughter and an escape attempt. His appeals from those sentences were filed June 11, 1991 and are the subject of the above opinion at docket numbers 1013 and 1019 Pittsburgh 1991. After filing these appeals Appellant filed, pro se, a document captioned "Post–Verdict Motion: After Discovered Evidence." The motion was dated July 1, 1991 and was sent by certified mail to the Court of Common Pleas. Appellant's motion was denied on July 12, 1991 in a order which read:

AND NOW, to-wit, this 12th day of July, 1991, it is hereby ordered, adjudged and decreed that for a variety of reasons, including but not limited to the fact that an appeal has been filed, the motion for a new hearing on after-discovered evidence is denied.

The instant appeal was taken from this July 12th order.

■ Pennsylvania Rule of Criminal Procedure 1123(d) which concerns motions for after-discovered evidence, pro-

vides that "[i]f an appeal is pending, the court may grant such motion only upon remand of the case." The Rules of Appellate procedure also provide restrictions of a trial court's power to proceed further in a matter once an appeal has been taken. *See* Pa.R.A.P., Rule 1701, 42 Pa.C.S.A. Based upon these rules and the fact that an appeal was pending with this court when Appellant filed his motion with the trial court, we conclude that the trial court properly refused to consider the motion before it.

■ Because the court was without authority to act on the motion, we do not read its order of denial as a decision based upon the merits of Appellant's request for relief. We now, after resolving the matters raised by Appellant in his direct appeals from his Judgments of Sentence, remand this matter to the trial court for a ruling on Appellant's motion.

Order denying the request for relief based upon the relevant procedural rules is affirmed. Matter remanded to the trial court for resolution of Appellant's motion on its merits.

Jurisdiction relinquished.