UNITED STATES of America

v.

Stephen CRUTCHFIELD.

Crim. No. 76–106 Erie.

United States District Court,
W. D. Pennsylvania.

Sept. 1, 1976.

John P. Garhart, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

James K. McNamara, Erie, Pa., for defendant.

## MEMORANDUM DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

KNOX, District Judge.

The defendant in this case stands indicted for possessing a sawed-off rifle which had not been registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(b) and also for possessing such a firearm not bearing a serial number in violation of 26 U.S.C. § 5861(i). The gun was taken from him by the police at the time of his arrest in the early morning of March 3, 1976, for public drunkenness in violation of 18 CPSA 5505.

The Section in question a part of the Pennsylvania Penal Code reads as follows: "A person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity."

By a previous order dated August 26, 1976, the court has held this section of the Pennsylvania Penal Code constitutional against an attack based upon vagueness and overbreadth.

The evidence was taken on the motion to suppress the evidence seized from the defendant which hearing was held August 25, 1976. It appeared from the testimony of Officer Yochim of the Erie City Police that on March 3, 1976, he was asked to come to the police office in the municipal building in Erie because a man was there having problems and it was reported to him that he had had trouble at the Perry Square Cafe. Officer Yochim together with Officer Smith then took him to the cafe in question, however the owner said that there had been no trouble there, that there had been a scuffle sometime during the evening but there was nothing to be concerned about.

The officer testified that at this time the man was seriously intoxicated and could barely move. He said he was bouncing off the walls of the corridor and weaving back and forth smelling of alcohol and that in the officer's opinion he was heavily intoxicated. The officer stated that he was incoherent, he was loud and could not be understood. He was thereupon placed under arrest for public intoxication in violation of the section of the Pennsylvania Penal Code above quoted. When taken back to the police station, he was searched during the course of booking and the cut down rifle in question was found in the inside left inner pocket of his jacket. He said that the defendant had never been abusive to him personally and that he was placed in custody because he obviously was in such condition that he "couldn't make it".

We have previously noted that the section of the Pennsylvania Penal Code is carefully drawn so as not to punish all forms of drunkenness but only drunkenness in a public place to such a degree as to endanger the person himself or other persons or property or annoy persons in the vicinity, and the court concludes that the officer was within his rights to place this person in custody under this statute because he was in such condition as to be a danger to himself. If the officer had turned him loose on the streets under these circumstances and he had been run over by an automobile or otherwise injured himself, the officer and the city might be liable to suit for neglect of duty.

The question is whether this was a lawful arrest because if it was, then the officers were justified in searching the defendant under the decision of the United States Supreme Court in *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973) and are entitled to search the person of the defendant.

Difficulty has arisen as the result of Rule 51 of the Pennsylvania Rules of Criminal Procedure which in connection with summary offenses, as public drunkenness is classified, provides for institution of proceedings in such cases generally by the issuance of a citation and summons. However, Rule 51(A)(3)(c) effective September 1, 1975, provides:

"(c) the defendant may be arrested without a warrant by a police officer for a summary offense but only when, (i) such arrest is necessary in the judgment of the officer, and (ii) the officer is in uniform or displays a badge or other sign of authority, and (iii) such arrest is authorized by law. Thereafter the case shall proceed as provided in Rule 62."

The officer testified that the arrest was necessary in his judgment because defendant was in such condition that he "couldn't make it". It is stipulated that the officers were in uniform at the time of the arrest. The only question at issue is whether the arrest was authorized by law, this being a summary offense.

█ It will be noted that we are not dealing with an arrest for a felony or for a misdemeanor as to which other rules apply. The court concludes, however, that a police officer of the City of Erie had the right to make an arrest on view for violation of this Section of the Pennsylvania Penal Code when in his judgment the defendant was in such condition that he might endanger himself and that authority for the arrest is found in Third Class City Code 53 PS 37005 which reads:

"Policemen shall be ex-officio constables of the city, and shall and may, within the city or upon property owned or controlled by the city or by a municipality authority of the city within the Commonwealth, without warrant and upon view, arrest and commit for hearing any and all persons guilty of breach of the peace, vagrancy, riotous or disorderly conduct or drunkenness, or who may be engaged in the commission of any unlawful act tending to imperil the personal security or endanger the property of the citizens, or violating any of the ordinances of said city for the violation of which a fine or penalty is imposed. 1931, June 23, P.L. 932, art. XX, § 2005; 1951, June 28, P.L. 662 § 20."

The Pennsylvania Superior Court has dealt with a similar problem in *Commonwealth v. Shillingford*, 231 Pa.Super. 407, 332 A.2d 824 (1975). In this case, the court held that an officer had no right to arrest without warrant for underage drinking in violation of Section 6308 of the Pennsylvania Crimes Code involving drinking by persons under 21 years of age. It is noted that this is a summary offense under the Crimes Code and that the proper procedure is to issue a citation rather than make an arrest on view.

█ The Superior Court recognized, however, (Footnote 5) that the new Rule 51 which had then been adopted January 1, 1974, affected only organizational not substantive changes. It is noted that the authority to arrest is limited to the extent of the powers given by law to such officials and that the rule is not intended to give powers to arrest to any person who is not otherwise by law in possession of such powers. As noted, the legislature has conferred this authority on members of the police force in third class cities such as Erie.

In Footnote 6 in *Shillingford* the court said:

"The appellant could have been arrested under Section 5505 of the Crimes Code which reads: 'A person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity.' Whereas underage drinking (e. g., the *act*

of drinking or possessing an alcoholic beverage) is not of itself a summary offense which 'involves a breach of the peace, endangers property or the safety of any person present,' See *Commonwealth v. Pincavitch*, 206 Pa.Super. 539, 214 A.2d 280 (1965), and thus an arrest for the offense may not be made without a warrant, see Pa.R.Cr.P. 51; the offense of Section 5505 involves the *state* of being intoxicated to an endangering degree and an arrest without a warrant would be proper under Pa.R.Cr.P. 51. This possibility has been noted before. See *Commonwealth v. Wilson*, 225 Pa.Super. 513, 312 A.2d 430 (1973) (concurring opinion by Spaeth, J.)."

It will be noted that the court therein recognized that an arrest would have been proper under Section 5505 involving a state of being intoxicated to an endangering degree.

In view of the above it appears that the police were within their rights in making an arrest of the defendant who was in such a condition as to endanger himself and therefore a search of his person resulting in the discovery of the sawed-off rifle was proper.

The court has previously entered an order denying the motion to suppress evidence and this memorandum opinion is filed in explanation of such order.