## Commonwealth v. Johnson

*Linda H. Barr, assistant district attorney,* for the commonwealth.

Defendant appeared pro se.

FORNELLI, *J.,* August 22, 1986—Defendant, Kenneth Johnson Jr., was found guilty of public drunkenness[1] after a non-jury trial on March 31, 1986. The charge arose from an incident which occurred on November 7, 1985, when defendant was cited for public intoxication by officers of the

---

1. Act of December 6, 1972, P.L. 1482, §1, effective June 6, 1973, 18 Pa.C.S. §5505 (1983).

Sharon Police Department. Defendant pleaded not guilty to the summary offense, a hearing was held before District Justice William Coleman on December 11, 1985, and the district justice convicted defendant of the charge. Defendant appealed the summary conviction to the court of common pleas where the conviction was subsequently affirmed.

Presently before the court is defendant's post-trial motion to arrest judgment timely filed pursuant to Pa.R.Crim.P. 1123. Defendant's representation is pro se in the matter.

Three issues are raised in the motion to arrest judgment. Defendant contends that: (1) the evidence is insufficient to support the conviction because the arrest occurred on private property; (2) the court erred by refusing to grant the demurrer presented at the close of the commonwealth's case-in-chief; and (3) the evidence is insufficient to support a finding of guilt beyond a reasonable doubt. We conclude that all three contentions lack merit.

Initially, we note that defendant has waived his right to contest the correctness of the ruling on the demurrer. In order to properly challenge an adverse ruling on a demurrer, a defendant is required to rest his case immediately after the adverse ruling is rendered. *Commonwealth v. McNeal,* 493 Pa. 395, 397, 426 A.2d 606, 608 (1981); *Commonwealth v. Sparks,* 342 Pa. Super. 202, 205, 492 A.2d 720, 721 (1985).

At trial herein, however, defendant did not rest following the adverse ruling, but instead presented evidence in his defense. Thus, the correctness of the ruling on the demurrer is no longer an available issue. Nevertheless, the court may elect to treat the question as if it had been properly raised as a challenge to the sufficiency of the evidence. See *Commonwealth v. Smalis,* 331 Pa. Super. 307, 312, 480

A.2d 1046, 1049 (1984); reversed on the grounds sub nom. *Commonwealth v. Zoller*, 507 Pa. 344, 490 A.2d 394 (1985); *reversed, Smalis v. Pennsylvania*, _____ U.S. _____, 106 S. Ct. 1745 (1986). In light of defendant's pro se status, we choose to follow this alternate procedure and will treat defendant's challenge to the ruling as a challenge to the sufficiency of the evidence.[2]

Thus, we will proceed to discuss the issues of whether generally there exists sufficient evidence to support defendant's conviction for public drunkenness and more specifically, whether the elements of the statute were met, namely, whether defendant was manifestly under the influence in a public place.

## DISCUSSION

The test for sufficiency of the evidence in a criminal case is:

"Whether viewing all of the evidence in a light most favorable to the verdict winner, together with

---

2. As previously mentioned, defendant had already raised an objection questioning the sufficiency of the evidence in his post-trial motion. Defendant's objection, however, being couched in very general terms, would ordinarily be deemed boiler-plate and, therefore, waived. *Commonwealth v. Holmes,* 315 Pa, Super. 256, 461 A.2d 1268 (1983); *Commonwealth v. Cardona,* 316 Pa. Super. 381, 463 A.2d 111 (1983) (Boilerplate objections supporting post-verdict motions such as the verdict is against the law, contrary to the law, against the weight of the evidence, or that the evidence was insufficient as a matter of law will not preserve issues for appellate review.)

Again, in light of defendant's pro se status, in addition to our ruling on the challenge to the ruling on the demurrer, we elect to address defendant's challenge to the sufficiency of the evidence.

all reasonable inferences therefrom, there is sufficient evidence to enable the trier of fact to find every element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Hart,* 348 Pa. Super. 117, 501 A.2d 675, 677 (1985), quoting *Commonwealth v. Madison,* 501 Pa. 485, 490, 462 A.2d 228, 231 (1983).

The granting of a motion in arrest of judgment based on insufficient evidence is proper only where the evidence supporting the guilty verdict is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances to satisfy a jury of reasonable men and women of defendant's guilt beyond a reasonable doubt. *Commonwealth v. Rawles,* 501 Pa. 514, 521, 462 A.2d 619, 622 (1983). A motion to arrest judgment, in effect, admits all facts which the commonwealth's evidence tends to prove. Id., 501 Pa. at 520, 462 A.2d at 622. After thoroughly examining the evidence presented herein and taking from it all reasonable inferences favorable to the commonwealth as verdict winner, we conclude that defendant's argument alleging insufficient evidence fails.

The facts viewed in a light most favorable to the verdict winner is summarized as follows:

On the night of November 7, 1985, Officer Terry Zahniser of the Sharon Police Department received a radio dispatch from the Brookfield police reporting a hit and run accident. The accident occurred on Erie Street on the Brookfield side of the State Line Road, which borders the City of Sharon. Officer Zahniser drove to State Line Road where he was advised by the Brookfield officer that the vehicle, an older-model station wagon with California license plates had proceeded to one of the alleys on the

Sharon side of the road. Officer Zahniser had trouble locating the vehicle so he had the accident victim accompany him through the alleyways to aid the search. About 12 minutes after the accident the victim pointed to a car matching the description given by the Brookfield police and identified the driver of the car as the perpetrator of the hit and run.[3]

The officer then approached the parked vehicle, which had fresh damage and observed defendant lying face down on the front floor of the car; he appeared to be "passed out." The car's engine was still warm and the windows, which were closed, were not fogged on this rather cold November evening. At this point in time, another Sharon police officer, Officer Arthur Widmyer, arrived and both officers attempted to awaken the defendant by knocking on the car windows. After repeated knocking, defendant sat up and the officers requested that he exit the vehicle. After defendant refused to do so, Officer Widmyer, himself, opened the door and defendant exited the vehicle. In response to questioning by the officers, defendant stated that he lived on Meek Street in Sharon and gave confused answers to questions regarding the automobile accident. The officers noted a strong odor of alcohol emanating from defendant and defendant was unsteady on his feet and had to be held under the arm to keep from

---

3. Defendant disagrees with the officer's characterization of the accident as a "hit and run." He maintains that he spoke with the victim after the accident and informed the victim that he would return at a later time to resolve the matter. Defendant explained that he wrote his name and address on a piece of paper which he gave to the victim. Defendant maintains that the victim misunderstood his intent to return later as an intent to return later on the same evening. Defendant's inability to accurately convey his intent to the victim, if in fact that was his intent, collaborates his intoxicated condition.

falling. The officers characterized defendant's demeanor as argumentative and belligerent. He wrongly thought he was at his home address and denied initially being in an accident. He did not respond well to questions and they concluded he was drunk. Defendant was then placed under arrest for public drunkenness. Defendant was transported to the Sharon Police Department for processing.

The Pennsylvania Crimes Code at 18 Pa.C.S. §5505 provides:

"A person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity."

Section 5505 does not define the term "public place;" however, the term is defined in two other sections of the Crimes Code. In the section dealing with prostitution,[4] public place is defined as "any place to which the public or any substantial group thereof has access."[5] 18 Pa.C.S. §5902(f). Section 5503(c), dealing with disorderly conduct[6] defines public place as, inter alia, "any premises which are open to the public."

The offense of "public drunkenness," which appears in Article F., "Offenses Against Public Order and Decency," is directed at "protecting the general public against antisocial acts which violate public

---

4. Act of December 6, 1972, P.L. 1480, no. 334 §1, effective June 6, 1973, 18 Pa.C.S. §5902 (1983).

5. The ordinary meaning of "access" is: "the right to enter or make use of;" "the state or quality of being easy to enter." See *The American Heritage Dictionary of the English Language* (2d Ed. 1973).

6. Act of December 6, 1972, P.L. 1482, §1, effective June 6, 1973, 18 Pa.C.S. §5503 (1983).

order and decency." *Commonwealth v. Meyer*, 288 Pa. Super. 61, 66, 431 A.2d 287, 289 (1981). This section of the Crimes Code, however, was not intended to be used to punish all forms of drunkenness but only "drunkenness in a public place to such a degree as to endanger the person himself or other persons or property or annoy persons in the vicinity." *U.S. v. Crutchfield*, 418 F. Supp. 701, 702 (1976). Furthermore, a police officer is within his rights to place a person in custody under this statute if he is in such condition as to be a danger to himself. Id.

Defendant argues herein that the commonwealth failed to produce evidence that he appeared in a public place manifestly under the influence of alcohol to a degree such that he was a danger to himself or others and in addition, that his conviction is precluded by the fact that the arrest occurred while defendant was on private property rather than in a public place. Defendant relies on *Commonwealth v. Meyer*, supra, for the proposition that both defendant's drunken appearance and arrest must occur while the accused is voluntarily in a public place in order to sustain a conviction for public drunkenness.

We do not agree with defendant's interpretation of *Commonwealth v. Meyer*, and even were we to agree with that interpretation, the instant case is factually distinguishable from *Meyer*. Futhermore, just because defendant was arrested on private property does not mean that a conviction for public drunkenness cannot stand. It is not the place of arrest which determines whether the crime was committed in public.

*Commonwealth v. Meyer*, supra, involved circumstances wherein a 60-year-old man entered a V.F.W. hall, sat down, ordered a Pepsi-Cola and

then accused the waitress of overcharging him for the beverage. During the dispute, the man became loud and abusive so the waitress's husband called the police. Two officers arrived, spoke with the man for a few minutes, then escorted him outside. The man was put into the police car and taken to the police station where he was charged with public drunkenness. The lower court affirmed the summary conviction by the magistrate and defendant appealed. On appeal, the Superior Court reversed the conviction for several reasons. First, the court questioned whether or not the area outside of the V.F.W. Post constitutes a "public place." Without determining the answer one way or another, the court held that regardless of whether or not the area could be deemed a public place defendant's appearance outside the V.F.W. Post was not voluntary; therefore, the conviction could not be sustained. Id. 228 Pa. Super. 67, 431 A.2d at 290. The Superior Court further held that "the commonwealth did not prove beyond a reasonable doubt that defendant was 'manifestly under the influence of alcohol' " to the degree that he might endanger himself or others or property as required by the statute because the record indicated only that defendant "staggered a bit" and "that his breath smelled of alcohol." Id. 228 Pa. Super. 68-9, 431 A.2d 291.

Contrary to defendant's assertion herein, the *Meyer* court did not base its reversal of the conviction on the fact that defendant's appearance and arrest did not both occur in a public place, but rather, on the fact that defendant Myers did not voluntarily appear in a public place manifestly under the influence of alcohol to such a degree that he might endanger himself or others or property. *Meyer* involved a person who acted solely in a private place.

This is not the case instantly. The evidence instantly, albeit circumstantial, clearly indicated that defendant voluntarily appeared in a public place manifestly under the influence of alcohol to a degree such that he was a danger to himself, to others and to property. The evidence showed that defendant operated his automobile on a public street and when doing so was involved in an accident, which accident is clear evidence that he was endangering persons or property. It can be inferred that at the time of the accident, defendant was manifestly under the influence of alcohol because only a short time later defendant was found passed out in his car; his breath smelled of alcohol; and he was belligerent and argumentative and gave confused answers when questioned by police. The car engine was warm and the windows were not fogged even though the weather was cold, indicating that defendant had not been parked for a long period of time which leads to the further reasonable inference that defendant was in the same condition when he was driving on the commonwealth's public roads and when he was involved in the accident on the Ohio side of State Line Road.

The dispositive fact in defendant's argument is that he was arrested on private property. He, therefore, assumes that he cannot be convicted of public drunkenness since he was not arrested in a public place. However, the statute in issue (along with *Commonwealth v. Meyer*) nowhere requires that the arrest occur in a public place. The crux of the crime is that defendant appeared in a public place manifestly under the influence to a degree so as to be a danger. It is of no matter that defendant drank on private property and after appearing drunk in public, returned to the private property where he passed out and was later arrested. The evidence established

that the place he was arrested was one and one-half blocks from the accident scene. In the opinion of the arresting officer, defendant was not competent in his condition to safely drive. Defendant was arrested for conduct which occurred in a public place, i.e., a public road leading to his place of arrest. The fact that defendant returned to private property before the arrest could be effectuated does not absolve him of his dangerous and drunken conduct, which occurred by his driving on public roads. The fact that this is established by circumstantial evidence makes it no less compelling.

Accordingly, having concluded that the fact of defendant's arrest took place on private property is irrelevant, we are left only to decide whether the evidence was sufficient to enable the factfinder to find all of the elements of the crime here met. For all of the reason previously discussed, we find that the evidence clearly proves beyond a reasonable doubt that defendant appeared on the public streets of Sharon driving his station wagon while manifestly under the influence of alcohol to a degree that he was a danger to himself or others or property.[7]

Hence, this

---

7. Although not raised in the motion to arrest judgment, defendant makes a point in his brief that according to *Commonwealth v. Meyer,* supra "the purpose of section 5505 is to deal with the problem of chronic alcoholics who voluntarily appear on streets, in parks and in neighborhoods on a routine basis, shouting and cursing at real or imagined foes, causing disruption and annoyance." Defendant believes that section 5505 should not have been used in this case since presumably he is not the chronic alcoholic at whom the statute is aimed. We believe, however, as did the Superior Court in *Commonwealth v. Wilson,* 225 Pa. Super. 513, 312 A.2d 430 (1973), that . . . "no reasons appear why it [section 5505] should not apply to the drunk driver who has been in a hit and run accident. . . ." 225 Pa. Super. at 523, n. **, 312 A.2d at 434 n. **

## ORDER

And now, this August 22, 1986, defendant's post-trial motion is denied.