Commonwealth *v.* Roskov, Appellant.

*Byrd R. Brown,* for appellant.

No oral argument was made nor brief submitted for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

This appeal involves the question of whether or not the minor-appellant and his parents received proper notice of appellant's delinquency hearing.

On October 5, 1972, a hearing was held in the Court of Common Pleas of Allegheny County, Juvenile Division, on two petitions charging the appellant with receiving stolen goods and auto larceny. Notice of the receiving stolen goods charge was timely served upon appellant and his parents, but they were not served with notice of the petition charging him with auto larceny

until the date of the hearing. Appellant contends that this manner of notifying him of the auto larceny charge was insufficient to satisfy his constitutional right to prompt and adequate notice.[1]

"Notice, to comply with due process requirements, must be *sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded,* and it must 'set forth the alleged misconduct with particularity. . . .'" Notice given at the time of a hearing on the merits "is not timely. . . ." *In re Gault,* 387 U.S. 1, 33 (1967).[2]

There is no question that the appellant had insufficient time to prepare for the auto larceny charge, for he only learned of that charge on the day of the hearing. Thus, appellant should receive a new hearing on that charge.

In response to the contention that appellant receive a new hearing on the auto larceny charge, the trial judge admitted that notice of that charge was not properly served on appellant and his parents. The trial judge, however, held that this was harmless error because the circumstances surrounding the receiving stolen goods charge and appellant's past record were alone an adequate basis for his commitment.

Despite the lower court's opinion, the appellant's commitment should be reconsidered and he should receive a new hearing on the auto larceny charge. Given adequate preparation time prior to the new hearing on auto larceny, the appellant might be able to produce evidence which mitigates against appellant's involve-

---

[1] Following the hearing, the Judge committed appellant to the Youth Development Center in New Castle, Pennsylvania.

[2] The Pennsylvania Courts have followed the pronouncements of the United States Supreme Court in *Gault* in *Wilson Appeal,* 438 Pa. 425, 428, 264 A. 2d 614 (1970) and in *Freeman Appeal,* 212 Pa. Superior Ct. 422, 242 A. 2d 903 (1968).

ment in that incident and places appellant in a more favorable light to the court.

The case is remanded for a new hearing on the auto larceny charge and for reconsideration of the lower court's decision to commit appellant.

CERCONE, J., dissents.