390 A.2d 1360
### COMMONWEALTH of Pennsylvania
v.
### Jerome POWELL, Appellant.
Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided July 12, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Deborah E. Glass, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The six Judges who decided this case being equally divided, the judgment of sentence is affirmed.

An opinion in support of affirmance is filed in which JACOBS, President Judge, and PRICE and VAN der VOORT, JJ., join.

HOFFMAN, CERCONE and SPAETH, JJ., dissent. *Commonwealth v. Braithwaite,* 253 Pa.Super. 447, 385 A.2d 423 (1978). (Dissenting Opinion by SPAETH, J.)

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

## OPINION IN SUPPORT OF AFFIRMANCE

PER CURIAM:

The only issue raised on this appeal is whether appellant was timely tried under Pa.R.Crim.P. 1100.

Appellant was charged with robbery on March 19, 1975. At the first listing of the case for preliminary hearing on March 27 the case was continued for appointment of counsel for a co-defendant. On April 3, the case was continued on application of the co-defendant. On April 10 the arresting officer was ill. Appellant failed to appear on April 17 because counsel and the court did not realize that he was then incarcerated at the Philadelphia Detention Center. On April 21 the court learned of appellant's whereabouts, lifted a bench warrant that had been issued, and scheduled the preliminary hearing for May 20. Subsequently, on appellant's petition this date was moved up to May 8. On May 8 the case was continued because appellant was not brought down. On May 13 no Commonwealth witness appeared. On May 15 appellant was discharged for lack of prosecution.

On July 30, 1975, a new complaint issued and appellant was rearrested. In response to appellant's application for discharge under Pa.R.Crim.P. 1100(f), the lower court held that Rule 1100 began to run from the date of the filing of the second complaint. This ruling is in accord with the reasoning of *Commonwealth v. Lowe,* 255 Pa.Super. 78, 386 A.2d 144 (1978). We therefore affirm.*

JACOBS, President Judge, and PRICE and VAN der VOORT, JJ., join in this opinion in support of affirmance.

* Appellant concedes that he was timely tried if the Rule 1100 period is measured from the date of the second complaint.