536 A.2d 1370

**In the Interest of Joseph BECKER, a Minor.**

**Appeal of Joseph BECKER, a Minor.**

Superior Court of Pennsylvania.

Argued Oct. 6, 1987.

Filed Jan. 27, 1988.

488

Michael C. Shields, Norristown, for appellant.

Stephen B. Harris, Assistant District Attorney, Warrington, for Com., appellee.

Before CIRILLO, President Judge, and WIEAND and OLSZEWSKI, JJ.

**WIEAND, Judge:**

Joseph Becker, a juvenile, was adjudicated delinquent following a finding that he had operated a motor vehicle in such a manner as to recklessly endanger another person. On appeal from the dispositional order, Becker contends (1) that the evidence was insufficient to sustain the finding of the hearing court; (2) that the hearing court erred by allowing the petition to be amended to allege that, in addition to a specifically named person, appellant had endangered generally all other drivers on the highway; and (3) that the hearing court's dispositional order violated standards established by the Juvenile Act.[1]

On the morning of September 8, 1986, Becker and Richard Heller, also a juvenile, were driving separate vehicles to a vocational school where both were taking special classes. While one vehicle appeared to be following the other, both attained speeds of 65–70 m.p.h. as they travelled northwardly, passing other vehicles, on York Road in Warminster, Bucks County, where the speed limit was posted at 45 m.p.h. As the two vehicles approached Ivyland Road, an intersecting street, Heller's vehicle moved into the left lane, entered the intersection in violation of a red traffic signal, and collided with a vehicle being operated on the cross street by Eleanor Capuzzi. As a result of the collision, Mrs. Capuzzi was killed and her two year old son, who with his sister was a passenger, was injured. Appellant was not involved in the accident. He brought his vehicle to a stop in the right lane and did not violate the red light.

Juvenile petitions were filed against both Heller and Becker, and they were heard together.[2] Becker was charged with homicide by vehicle [3] and recklessly endangering Eleanor Capuzzi.[4] At the conclusion of the Common-

1. 42 Pa.C.S. § 6301 et seq.
2. Heller was found delinquent on the basis that he had committed the offenses of involuntary manslaughter, homicide by vehicle and recklessly endangering another person.
3. 75 Pa.C.S. § 3732.
4. 18 Pa.C.S. § 2705.

wealth's evidence, a defense demurrer on behalf of appellant was denied by the court. The Commonwealth then moved to amend the petition to allege that Becker had also recklessly endangered other motorists on York Road. This amendment was allowed by the court over objection. The court then found Becker delinquent because he had recklessly endangered other drivers on York Road. At a subsequent dispositional hearing, appellant was directed to provide 350 hours of public service, participate in a program at "Project Self," and pay unspecified costs of counseling for members of the Capuzzi family. His driver's license was suspended indefinitely. Becker appealed. Enforcement of the dispositional order has been stayed pending the outcome of this appeal.

We conclude, after careful review, that the evidence was sufficient to support the court's finding that appellant's reckless conduct generally endangered other drivers. However, we also conclude that it was improper to allow an amendment to the petition during the adjudication hearing which changed the alleged victim of the offense from Mrs. Capuzzi to all other drivers on the highway. Therefore, we reverse and discharge the juvenile appellant.

Appellant was not involved in the collision which killed Mrs. Capuzzi. He did not enter the intersection against the redlight but stopped his vehicle as commanded by the signal. Therefore, it is difficult to find any evidence that he, by the manner in which he drove his vehicle, recklessly endangered the decedent. However, there was ample evidence that he had endangered other motorists by the manner in which he operated his vehicle on York Road.

The crime of recklessly endangering another person is defined at 18 Pa.C.S. § 2705 as follows:

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

This Court, in *Commonwealth v. Trowbridge*, 261 Pa.Super. 109, 115, 395 A.2d 1337, 1340 (1978), divided the offense

of recklessly endangering another person into the following four elements: "(1) a mens rea—recklessness, (2) an actus reus—some 'conduct', (3) causation—'which places', and (4) the achievement of a particular result—'danger', to another person of death or serious bodily injury." The term "recklessly", as used in 18 Pa.C.S. § 2705, is defined at 18 Pa.C.S. § 302(b)(3) as follows:

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

The juvenile court, in its opinion regarding matters complained of on appeal, addressed the question of the sufficiency of the evidence in this case as follows:

[T]he credible evidence in the instant case clearly supports a finding beyond a reasonable doubt that the juvenile's conduct placed others on the highway in danger of death or serious bodily injury. The juvenile drove his vehicle at 65 to 70 miles an hour in an area where the speed limit is 45 miles per hour. He followed closely behind or drove side by side the Monte Carlo which, it has been calculated, was moving as fast as 54 miles an hour *after* the impact which killed the victim. Officer William Overberger of the Warminister [sic] Township Police Department described the normal traffic flow on York Road during morning hours as moderate to heavy. (Notes of Testimony, January 13, 1987, p. 69).

In addition, the Escort and Monte Carlo were at times only a car-length apart and were weaving in and out of traffic despite the excessive speeds at which they were moving. The drivers of both cars were "laughing" and "having a good time" according to credible eyewitness testimony.

.    .    .    .    .

> Based on the traffic flow, the excessive speed, the laughing and joking and the pattern of the juvenile's driving, we find the evidence sufficient beyond a reasonable doubt to support a finding of recklessly endangering another person.

We agree that the evidence was sufficient to sustain the court's finding. See: *Commonwealth v. Henck*, 329 Pa.Super. 275, 478 A.2d 465 (1984).

■ We agree with appellant, however, that he had not been charged with recklessly endangering unidentified drivers on York Road and that it was improper for the Commonwealth to amend the focus of its petition during the adjudication hearing by altering the person or persons allegedly endangered.

■ Although it is correct that juvenile proceedings are not subject precisely to the same procedural safeguards as adult, criminal prosecutions, the due process clause of the Fourteenth Amendment nevertheless requires that " 'the essentials of due process and fair treatment' " be afforded to juveniles. *In re Gault*, 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527, 548 (1967). See also: *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In *Gault*, the Supreme Court held that the following rights attached to a juvenile proceeding: (1) the right to written notice of the specific charges or factual allegations against the juvenile, given sufficiently in advance of the hearing so as to allow for the preparation of a defense; (2) the right to counsel; (3) the privilege against self-incrimination; and (4) the right to confront and cross-examine adverse witnesses. See also: *In re Bonner*, 301 Pa.Super. 431, 447 A.2d 1043 (1982); *Commonwealth v. Mitchell*, 283 Pa.Super. 455, 424 A.2d 897 (1981), *cert. denied*, 454 U.S. 851, 102 S.Ct. 292, 70 L.Ed.2d 141 (1981).

In the instant case, the original juvenile petition filed against appellant had alleged that he:

> Did recklessly engage in conduct, to wit, driving his vehicle at an unsafe speed, racing on the highway, and reckless driving, having placed one Eleanor Capuzzi, a

white female, age 36, and her children, Nicholas, age 2, and Amanda 4 months, in danger of death or serious bodily injury, after the vehicle with which he was racing collided with the Capuzzi vehicle.

At the hearing, the Commonwealth's evidence failed to show that appellant and Heller had been racing. And, as we have observed, appellant had not been involved in the fatal accident but had stopped before entering the intersection. When the Commonwealth rested, counsel for the appellant demurred to the evidence. The demurrer was denied. The Commonwealth then moved to amend the petition, and the hearing court, over objection, allowed an amendment as follows:

MR. FRITSCH [The Assistant District Attorney]: I would at this time, with respect to the petition against Mr. Becker, move to amend the recklessly endangering count not only to include the victim in the case, Mrs. Capuzzi, but other motorists on the highway between the area of Street Road and York Road and Ivyland....

In this manner, the charges against appellant were changed without any prior notice or opportunity to prepare a defense to a charge of recklessly endangering motorists on York Road.

In *Gault,* the Supreme Court defined adequate notice as follows:

Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must "set forth the alleged misconduct with particularity." ... Due process of law requires notice of the sort we have described—that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding. It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet.

*In re Gault, supra,* 387 U.S. at 33–34, 87 S.Ct. at 1446–1447, 18 L.Ed.2d at 549–550 (footnotes omitted). See also: *Commonwealth v. Roskov,* 224 Pa.Super. 393, 307 A.2d 63 (1973). Notice which is given for the first time at the delinquency hearing is not timely notice. *In re Gault, supra,* 387 U.S. at 33, 87 S.Ct. at 1446, 18 L.Ed.2d at 549.

If appellant had been an adult criminal defendant, the Commonwealth's amendment of the petition would have been governed by Pa.R.Crim.P. 229, which provides:

> The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.[5]

This rule of criminal procedure, although not applicable to a juvenile proceeding, see Pa.R.Crim.P. 1,[6] nonetheless is helpful because it is designed to address due process concerns. *Commonwealth v. Hulehan,* 338 Pa.Super. 309, 315–316, 487 A.2d 980, 983 (1985). See also: *Commonwealth v. Jones,* 250 Pa.Super. 471, 480, 378 A.2d 1245, 1249 (1977) (reasoning behind Pa.R.Crim.P. 220, governing

---

5. Pa.R.Crim.P. 229 pertains to the amendment of criminal informations. An identical provision in Pa.R.Crim.P. 220 pertains to the amendment of indictments. Rule 220 provides as follows:
> The court may allow an indictment to be amended where there is a defect in form, the description of the offense, the description of any person or any property, or the date charged provided the indictment as amended does not charge an additional or different offense. Upon amendment the court may grant such a postponement of trial or other relief as is necessary in the interests of justice.
Cases interpreting Pa.R.Crim.P. 229 and 220 are interchangeable, for the rules have identical language. See: *Commonwealth v. Casuccio,* 308 Pa.Super. 450, 454 A.2d 621 (1982).

6. Pa.R.Crim.P. 1(a) provides:
**Rule 1. Scope of Rules**
(a) These rules shall govern criminal proceedings in all courts including courts not of record. Unless otherwise specifically provided, these rules shall not apply to juvenile or domestic relations proceedings.

amendment of indictments, "necessarily follows from the procedural safeguards contained in the Fifth and Fourteenth Amendments to the United States Constitution as well as the Pennsylvania Constitution").

> The purpose of Rule 229 is to insure that a defendant is fully appraised of the charges against him, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed. See *Commonwealth v. Jones,* 250 Pa.Super. 471, 378 A.2d 1245 (1977); *Commonwealth v. King,* 227 Pa.Super. 168, 323 A.2d 260 (1974).

*Commonwealth v. Stanley,* 265 Pa.Super. 194, 212, 401 A.2d 1166, 1175 (1979) (footnote omitted), *affirmed,* 498 Pa. 326, 446 A.2d 583 (1982). See also: *Commonwealth v. McDuffie,* 319 Pa.Super. 509, 514–515, 466 A.2d 660, 662 (1983); *Commonwealth v. Casuccio,* 308 Pa.Super. 450, 460, 454 A.2d 621, 626 (1982). Rule 229, therefore, is designed to address and is consistent with the same due process aspects of notice which the Supreme Court held applicable to juvenile proceedings in *Gault.*

In the instant case, the Commonwealth argues on appeal that appellant was not prejudiced by the amendment of the juvenile petition, in that his defense was not altered and he was fully aware of the factual scenario which underlay the charge of recklessly endangering another person. We do not agree. Prior to amendment of the juvenile petition, appellant was charged with recklessly endangering Eleanor Capuzzi and her two children who were traveling on the intersecting street. Following the amendment, however, he was faced with the broader charge of recklessly endangering an unspecified number of motorists who were on York Road in the mile or mile and a half preceding the intersection where Heller and Capuzzi collided. This amendment changed not only the identity of the person allegedly endangered but also the actus reus, i.e., the physical acts which placed other persons in danger. After the Commonwealth had amended the petition, appellant not only had to defend his conduct in the immediate vicinity of the intersection, but

he was made accountable for his conduct during the previous mile to mile and a half on York Road. This would have been impermissible under Pa.R.Crim.P. 229. See: *Commonwealth v. Baranyai*, 278 Pa.Super. 83, 92 n. 3, 419 A.2d 1368, 1373 n. 3 (1980) (amendment of information over defense objection by adding names of additional persons whom Commonwealth alleged had been oppressed by acts of misconduct on the part of defendant violated Rule 229). See also: *Commonwealth v. Plybon*, 279 Pa.Super. 329, 333–334, 421 A.2d 224, 226 (1980) (where Commonwealth moves to amend only after it has rested its case and defense has demurred, the potential for prejudice to defendant is heightened). Similarly, it was improper to allow the amendment of the petition in this juvenile proceeding.

In *Commonwealth v. DeSumma*, 367 Pa.Super. 634, 533 A.2d 453 (1987), a panel majority allowed an information to be amended to change the name of the victim of an alleged assault by physical menace. In that case, however, there was no change in the actus reus, i.e., the act constituting the physical menace. The act in *DeSumma* was the brandishing of a firearm. In the instant case, however, the amendment of the petition broadened the scope of inquiry from appellant's conduct at the intersection to the manner in which he had operated his vehicle during the mile or mile and one-half prior to his arrival at the intersection. When the trial court reviewed the evidence, it stated that it had found appellant guilty of recklessly endangering another person not because of conduct alleged in the original petition but because of conduct alleged in the amended petition.

The record suggests, therefore, that appellant was adjudicated delinquent for an offense which was not charged in the original petition. Under these circumstances, the appropriate remedy is to direct appellant's discharge. See: *Commonwealth v. Herstine*, 264 Pa.Super. 414, 419, 399 A.2d 1118, 1121 (1979).

Adjudication reversed [7] and appellant discharged.

---

7. With respect to appellant's assertion that the juvenile court's dispositional order did not conform to the standards set forth in the Juvenile

Act, 42 Pa.C.S. § 6301 et seq., we must observe that appellant has failed to provide us with a transcript of the dispositional hearing. See: *Commonwealth v. Williams*, 357 Pa.Super. 462, 466, 516 A.2d 352, 354 (1986).