**[J-11-2021] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 26 EAP 2020 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on February |
| | : | 12, 2020 at No. 3693 EDA 2017 |
| v. | : | affirming, reversing, and vacating |
| | : | the order entered on July 25, 2017 |
| | : | in the Court of Common Pleas, |
| MARK EDWARDS, | : | Philadelphia County, Criminal |
| | : | Division at No. CP-51-CR-0011484- |
| Appellant | : | 2015 |
| | : | |
| | : | SUBMITTED: January 22, 2021 |

**DISSENTING OPINION**

**JUSTICE DONOHUE**                                   **DECIDED: August 17, 2021**

This case presents a conflict between two interpretations of Pennsylvania's merger

statute, which provides:

> No crimes shall merge for sentencing purposes unless the
> crimes arise from a single criminal act and all of the statutory
> elements of one offense are included in the statutory elements
> of the other offense. Where crimes merge for sentencing
> purposes, the court may sentence the defendant only on the
> higher graded offense.

42 Pa.C.S. § 9765.[1] Appellant Edwards advances an as-applied approach to identifying

whether the statutory elements of two offenses require merger of the convictions. In

contrast, the Majority adopts the Superior Court's facial approach. Because relevant

---

[1] 2002, Dec. 9, P.L. 1705, No. 215, § 5, effective in 60 days.

statutory and administrative code provisions and this Court's jurisprudence support an as-applied approach, I respectfully dissent.

After driving his car into several vehicles and hitting a minor pedestrian, defendant Edwards was convicted of recklessly endangering another person ("REAP") and aggravated assault regarding the same minor pedestrian. The mens rea applicable to REAP is recklessness. *See* 18 Pa.C.S. § 2705; *In Interest of Becker*, 536 A.2d 1370, 1372 (Pa. Super. 1988) (explaining that REAP contains "the following four elements: "(1) a mens rea—recklessness, (2) an actus reus—some 'conduct', (3) causation—'which places', and (4) the achievement of a particular result—'danger', to another person of death or serious bodily injury."). The aggravated assault crime charged here is split into two separate theories and is not limited to one mens rea. 18 Pa.C.S. § 2702(a)(1). One possibility is where the actor attempts to cause serious bodily injury to another, which requires specific intent. *See Commonwealth v. Alexander*, 909 A.2d 1254, 1257 (Pa. 2006) ("An attempt under § 2702(a)(1) requires a showing of some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury."). The second possibility is where the victim causes serious bodily injury "intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). As the Majority explains, a person may specifically intend to cause serious bodily injury and yet not expose the victim to actual danger or death, as required by REAP. However, under the second theory, actually causing serious bodily injury has necessarily subjected that same victim to the risk of serious bodily injury.

Here, the trial court imposed separate consecutive sentences on the REAP and aggravated assault (causes serious bodily injury) convictions. Sentencing Order, 7/25/2017; Trial Court Opinion, 10/16/2018, at 6. However, in response to Edwards raising a merger issue in his Pa.R.A.P. 1925(b) statement of matters complained of on appeal, the trial court agreed that the REAP and aggravated assault (causes serious bodily injury) convictions merged for sentencing purposes:

> Once the prosecution has proved that an individual caused or attempted to cause serious bodily injury under circumstances manifesting an extreme indifference to the value of human life, it also has established that the same person recklessly engaged in conduct that placed or may have placed another person in danger of death or serious bodily injury.

Trial Court Opinion, 10/16/2018, at 17–18. The trial court's imposition of consecutive sentences contradicts this recognition.

Without conducting a statutory construction analysis, the Superior Court affirmed the separate consecutive sentences for REAP and aggravated assault, concluding that REAP never merges with a Section 2702(a)(1) aggravated assault conviction because a person can place another person in danger of serious bodily injury without attempting to cause or actually causing serious bodily injury (and vice versa). *Commonwealth v. Edwards*, 229 A.3d 298 (Pa. Super. 2020). In support of its conclusion, the Superior Court cited *Commonwealth v. Cianci*, 130 A.3d 780, 782 (Pa. Super. 2015), in which the Superior Court concluded — again without conducting a statutory construction analysis — that convictions of REAP and aggravated assault (attempts to cause serious bodily injury) did not merge.

The Majority agrees with the Superior Court that REAP and aggravated assault do not merge for sentencing purposes because it is possible to commit one crime without

committing the other. Applying a strict statutory elements test, the Majority concludes that Pennsylvania's merger statute requires the sentencing court to consider "the statutory elements of the offenses pursuant to which a party was convicted." Maj. Op. at 12. Yet, the Majority does not treat the alternatives within subsection (a)(1) as separate offenses for purposes of conviction: Appellant was not convicted of attempting to cause serious bodily injury or causing such injury; "he was convicted of aggravated assault under Section 2702(a)(1) generally." *Id.* at 7 (citing *Edwards*, 229 A.3d at 313). According to the Majority, "Section 9765 does not require an evaluation of the specific facts as applied to the elements. Had the General Assembly so required, it would have included language instructing us so. Instead, the legislature's guidance dictates that our analysis begins and ends with the statutory elements of each offense." *Id.* at 12.

The Majority's approach is untenable on several fronts. First, the General Assembly mandates in the merger statute that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from **a single criminal act**[.]" 42 Pa.C.S. § 9765 (emphasis supplied). The highlighted text indicates that the facts of the case are relevant, if not controlling, with respect to the merger of convictions for purposes of sentencing. After all, one cannot identify the criminal act without examining the facts of the case.[2]

---

[2] Contrary to the Majority's criticism that this construction of Section 9765 amounts to parsing, Maj. Op. at 12 n.11, it is consistent with this Court's opinion that the General Assembly's "intent with respect to merger … focuses solely on the elements of the offense for which a criminal defendant **has been convicted**." *Commonwealth v. Baldwin*, 985 A.2d 830, 835 (Pa. 2009) (emphasis supplied). In the case at hand, Edwards was convicted of aggravated assault (causes serious bodily injury). Granted, the "single criminal act" language of Section 9765 is a distinct component in determining merger, but common sense dictates that the underlying facts of a criminal case inform not only whether a single criminal act was committed but also whether a sufficient factual basis exists as to each element of a charged offense for purposes of conviction and sentencing.

This construction of Section 9765 is supported by the fact that the General Assembly has subcategorized certain offense convictions "according to **the particular circumstances of the offense**." 204 Pa. Code § 303.3(b) (emphasis supplied). "A subcategorized offense is assigned multiple offense gravity scores based on additional sentencing factors, which the court determines at sentencing. The court determines which Offense Gravity Score, located in § 303.15, applies. These offenses are designated by an asterisk [*]." *Id.* Notably, aggravated assault is a subcategorized offense. 204 Pa. Code § 303.15. In my view, the subcategorization of offenses indicates that the General Assembly intended consideration of the particular circumstances of an offense to be a component of sentencing and, correspondingly, the merger question.[3] *Accord Commonwealth v. Baldwin*, 985 A.2d 830, 837 (Pa. 2009) (observing that

---

*Accord* Maj. Op. at 12 ("Section 9765, itself a provision guiding … statutory construction, prescribes that we must consider the statutory elements of the offenses pursuant to which a party was convicted."); *Commonwealth v. Anderson*, 650 A.2d 20, 22 (Pa. 1994) ("[T]he same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses... ."); *Commonwealth v. Buffington*, 828 A.2d 1024, 1031 n.11 (Pa. 2003) (explaining that, in determining whether a particular crime is lesser included offense, the United States Supreme Court has deemed "the facts of a case as alleged in the charging document to be of significance where the crimes are defined as encompassing a range of acts or offenses").

[3] The Majority's observes in a vacuum that the General Assembly "specifically included the two theories of aggravated assault as subcategories within one subsection," and this Court "must abide by, and cannot ignore, such plain language" when interpreting a statute. Maj. Op. at 15 n.14. Even so, other than identifying the elements of a substantive offense in varying circumstances, the plain language of Section 2702 provides little to no guidance regarding construction of the merger statute, which is the statute at issue.

legislature has duty "to criminalize each type of conduct it determines is injurious to the state").[4]

Logic dictates that the General Assembly assigned distinct offense gravity scores for Section 2701(a)(1) because it recognized that the particular circumstances of the offense could result in an attempt to cause serious bodily injury or, as in this case, the causing of serious bodily injury. Here, without objection from the defense, the trial court considered the particular circumstances of Edward's REAP and aggravated assault offenses and then applied the higher offense gravity score that corresponds to the aggravated assault (causes serious bodily injury) subcategory, N.T., 7/25/17, at 4, rather than the lower offense gravity score that corresponds to the aggravated assault (attempts to cause serious bodily injury) subcategory. *See* 204 Pa. Code § 303.15 (setting offense gravity score for Section 2702(a)(1) aggravated assault (causes serious bodily injury) at 11 and offense gravity score for Section 2702(a)(1) aggravated assault (attempts to cause serious bodily) injury at 10). Clearly, an examination of the facts is necessary to

---

[4] The Majority criticizes my reference to the Pennsylvania Code, 42 Pa.Code § 303.3(b) as "an unnecessary external reference to ascertain legislative intent when the statute's text is unambiguous," Maj. Op. at 12 n.11. Indeed, "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). However, our rules of statutory construction do not prevent looking elsewhere for legislative intent where the words of a statute are clear and free from ambiguity. Rather, they provide that, when a statute is unambiguous, "the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* at 1921(b). Referring to the Pennsylvania Code is not a disregard of the letter of Section 2702(a)(1) under the pretext of pursing its spirit. In fact, the Pennsylvania Code is both relevant and persuasive in determining whether merger applies in the context of a subcategorized offense. Section 303.3(b) is vital to an understanding of the interplay between subcategorized offenses like Section 2702(a)(1) and sentencing. That interplay impacts merger. Addressing the "single criminal act" and "elements" prongs of the merger statute without an appreciation for the role played by the underlying facts in applying those components ignores the General Assembly's intent to focus "on the elements of the offense for which a criminal defendant has been convicted." *Baldwin*, 985 A.2d at 835.

determine which theory of aggravated assault is at issue. Similarly, an examination of the facts is necessary to determine which subcategory of aggravated assault the evidence supports so that the appropriate sentence may be imposed.

In short, approaching the merger of convictions along factual lines produces a sentence that is based in reality and consistent with legislative intent as expressed in the Crimes Code and Sentencing Code. The as-applied approach also promotes individualized sentencing. *See Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988) (stressing that the duty to fashion appropriate, individualized sentences requires a trial court to balance considerations including, inter alia, nature and circumstances of crime). In contrast, a facial approach that bases merger on potential scenarios is disconnected from reality, conflicts with legislative intent by ignoring the criminal act and the particular circumstances of the offense, and offends the principle of individualized sentences.

Second, the Majority's analysis of *Commonwealth v. Baldwin*, 985 A.2d 830 (Pa. 2009), is misguided. In that case, this Court considered firearm statutes that did not prohibit multiple types of conduct within one section, unlike Section 2702(a)(1). Consequently, the *Baldwin* Court did not have to "parse out which specific portions of [the firearms] statutes the Commonwealth actually proved and compare only those portions to one another to determine if merger was appropriate." *Edwards*, 229 A.3d at 314; Maj. Op. at 8. Understandably, the *Baldwin* Court emphasized that the primary consideration when faced with a merger question is the text of the statutes, not the facts of the underlying conviction, because it was not faced with subcategorized offense convictions. Still, the Majority rejects Edwards' reliance on the *Baldwin* Court's cautionary instruction that trial courts "must take care to determine which particular 'offenses,' *i.e.* violations of

law, are at issue in a particular case" because the statutory constructions considered in

*Baldwin* are different than Section 2702(a)(1). Maj. Op. at 13 (quoting *Baldwin*, 985 A.2d at 835, 837 n.6).[5] According to the Majority, footnote 6 in *Baldwin* simply "reminds trial courts to be specific in their determinations regarding the particular subsection at issue." *Id.* However, that cautionary instruction comes into play where subcategorized offense convictions are at issue, as in the case at hand. In fact, footnote 6 includes aggravated

---

[5] Footnote 6 reads, in relevant part, as follows:

> It is no coincidence that we decline to characterize Section 9765 in terms any broader than the statute's own language. It is, in the final analysis, an enactment of this Commonwealth's legislature that must be interpreted according to the rules of statutory construction, 1 Pa.C.S. § 1901, *et seq.* Labels, such as 'pure elements test' and 'strict elements approach,' have often led to greater mischief. . . . [In *Whalen v. United States*, 445 U.S. 684 (1980)], the Court demonstrated a recognition that examination of the elements of the crimes *as charged* is sometimes necessary, especially when dealing with an offense that can be proven in alternate ways.
>
> Therefore, while Section 9765 indeed focuses on an examination of 'statutory elements,' we cannot ignore the simple legislative reality that individual criminal statutes often overlap, and proscribe in the alternative several different categories of conduct under a single banner. *See, e.g.*, Aggravated Assault, 18 Pa.C.S. § 2702 (defining seven distinct violations of law); Involuntary Deviate Sexual Intercourse, 18 Pa.C.S. § 3123 (setting forth eight separate violations). Consequently, in such cases, we caution that trial courts must take care to determine which particular 'offenses,' *i.e.* violations of law, are at issue in a particular case. *See, e.g.*, *Commonwealth v. Johnson*, 874 A.2d 66, 71 n. 2 (Pa. Super. 2005) (recognizing that a particular subsection of a criminal statute may merge with another crime as a lesser-included offense even though a different subsection of that same statute may not).

*Baldwin*, 985 A.2d at 837 n.6.

assault as an example of a criminal statute that proscribes conduct in the alternative and therefore requires "examination of the elements of the crimes as charged." *Baldwin*, 985 A.2d at 837 n.6. *Accord* 204 Pa. Code § 303.15 (identifying aggravated assault as a subcategorized offense).[6]

As the Majority observes, the General Assembly did not place the subsection (a)(1) aggravated assault subcategories in separate subsections of Section 2702. Maj. Op. at 15. Even so, their placement does not change the fact that the General Assembly identified two distinct theories of aggravated assault within one subsection of Section 2702. The key to understanding which subcategory is at issue is to examine the particular circumstances — the facts — of the offense. Justice Saylor recognized this evidentiary framework in his concurring opinion in *Baldwin*. Justice Saylor wrote,

> [M]any criminal offenses may be established via alternative methods of proof, and therefore, can be said to encompass alternative elements. Consequently, when assessing the appropriateness of merger, it is sometimes necessary to determine as a threshold matter which elements are in issue.

---

[6] Perhaps unwittingly, the Majority's response to my critique of its *Baldwin* analysis supports my position. Maj. Op. at 14 n.12. The Majority acknowledges that *Baldwin* did not involve subcategorized offenses within a single subsection, as in the case of Section 2702(a)(1) aggravated assault. Thus, *Baldwin* is factually inapposite to the case at hand. Consequently, the Majority's observation that the language of Section 2702(a)(1) has remained "unchanged since *Baldwin* was decided" has no bearing on this case. Maj. Op. at 14 n.12. Arguably, the General Assembly did not change the language of Section 2702(a)(1) post-*Baldwin* because no change was needed in that the subcategorized offenses are readily identifiable as distinct offenses. Similarly, *Johnson* is distinguishable because it involved a different aggravated assault section. *See Johnson*, 874 A.2d at 71–72, n.2 (addressing merger of aggravated assault of police officer while in the performance of duty, 18 Pa.C.S. § 2702(a)(2), (c)(1), and attempted murder). In any event, the Majority does not resolve the conflict between its facial approach and the cautionary instruction in footnote 6 of *Baldwin*, which is relevant to this case in that this Court specifically referred to subcategorized offenses and advised trial courts to consider the underlying facts when ruling on the merger of such offenses.

*Baldwin*, 985 A.2d at 839 (Saylor, J., concurring). Here, upon accepting Edwards' merger argument, the trial court did specify which subsection of the aggravated assault statute was at issue, i.e., subsection (a)(1), and it even went so far as to identify the aggravated assault (causes serious bodily injury) subcategory based on the criminal act and the particular circumstances of this case. Trial Court Opinion, 10/16/2018, at 6, 17.

Third, any reliance on *Cianci* as supporting a conclusion that merger is not warranted in this case ignores the fact that the *Cianci* court did not consider the narrow question of whether the aggravated assault (causes serious bodily injury) subcategory offense merges with REAP. Moreover, *Cianci* is an intermediate appellate court decision that does not withstand scrutiny under this Court's cautionary observations in *Baldwin*.

The criminal elements at issue in this case are recklessly engaging in conduct that placed another person in danger of death or serious bodily injury and causing serious bodily injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S. §§ 2705, 2702(a)(1). The merger statute requires that "all of the" elements of one offense fit within "the" elements of the other offense. 42 Pa.C.S. § 9765. It does not require that all of the elements of one offense fit within all of the elements of the other offense, especially where subcategorized offenses contain distinct elements and evidentiary proofs. Because REAP requires a person to act recklessly in conduct that places or may place another person in danger of death or serious bodily injury, all of the statutory elements of REAP are contained in the aggravated assault (causes serious bodily injury) subcategory.

Given the particular circumstances of his offenses, I conclude that Edwards' REAP conviction merged with his aggravated assault (causes serious bodily injury) conviction.

Thus, the trial court erred in imposing sentences for both REAP and aggravated assault, and the Superior Court erred in affirming.  Because vacating Edwards' consecutive sentence for REAP would "disrupt[] the overall sentencing scheme," I would remand for resentencing.  *Commonwealth v. King*, 234 A.3d 549, 572 (Pa. 2020).

Justices Todd and Wecht join this dissenting opinion.